## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| **REVEREND ERIK REDWOOD and** ) <br> **JUDE MARIE REDWOOD,** ) <br>                           **Plaintiffs,** ) <br>     **v.** ) <br> ) <br> **ELIZABETH DOBSON, CHAMPAIGN** ) <br> **COUNTY ASSISTANT STATE'S** ) <br> **ATTORNEY, in her individual capacity;** ) <br> **MARVIN IRA GERSTEIN; HARVEY CATO** ) <br> **WELCH; TROY R. PHILLIPS, in his** ) <br> **individual capacity; and the CITY OF** ) <br> **URBANA,** ) <br>                          **Defendants.** ) <br> ) <br> ) <br> ) | **Case No. 00-2305** |

## OPINION

This case is before this court for ruling on the Petition for Attorneys Fees and Costs (#203) filed by Defendant, Marvin Ira Gerstein. Following this court's careful review of the arguments of the parties and the documents provided by the parties, Defendant Gerstein's Petition for Attorneys Fees and Costs (#203) is DENIED.

### BACKGROUND

On October 12, 2005, this court entered a 31-page Opinion (#199) and granted the Motions for Summary Judgment filed by Defendants Elizabeth Dobson, Marvin Ira Gerstein, Harvey Cato Welch, and Troy R. Phillips. Following this court's careful and thorough review of the documents submitted by the parties, this court concluded that the evidence was not sufficient to create a genuine issue of material fact on the issue of conspiracy and that Defendants were entitled to summary judgment on the conspiracy claims brought under 42 U.S.C. § 1983. This court concluded that

Defendants were also entitled to summary judgment on the remaining claims raised in the Third Amended Complaint (#102) filed by Plaintiffs, Erik Redwood and Jude Marie Redwood. This case was therefore terminated, and the jury trial scheduled for November 7, 2005, was vacated. Judgment was entered in favor of Defendants (#200). On November 11, 2005, Plaintiffs filed a Notice of Appeal (#201), and this case is currently pending before the Seventh Circuit Court of Appeals.

On November 14, 2005, Defendant Gerstein filed his Petition for Attorneys Fees and Costs (#203). Gerstein argued that he is entitled to recover his attorney's fees and costs pursuant to 42 U.S.C. § 1988 and sought an award of $21,080.55. On November 26, 2005, Plaintiffs filed their Response to Defendant Gerstein's Petition for Attorneys Fees and Costs (#207). Plaintiffs argued that Gerstein was not entitled to recover his attorney's fees or costs. Plaintiffs also argued, in the alternative, that this court should consider Plaintiffs' weak financial condition in considering whether to award attorney's fees and costs. In support of this argument, Plaintiffs attached a copy of their 2004 joint income tax return which showed that they had an adjusted gross income of $13,363.00 and have five dependent children. In addition, Plaintiffs argued that the attorney's fees and costs sought by Gerstein are excessive.

## ANALYSIS

In the United States, the parties to a lawsuit are generally required to bear their own attorney's fees. Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 602 (2001). However, in 42 U.S.C. § 1988, Congress has vested courts with "discretion" to award "a reasonable attorney's fee" to a "prevailing party" other than the United States "in any action or proceeding to enforce" a number of civil rights statutes, including 42 U.S.C. § 1983. Dupuy v. Samuels, 423 F.3d 714, 719 (7th Cir. 2005), citing 42 U.S.C. § 1988. In order to be a

"prevailing party," a litigant must have obtained a judgment on the merits, a consent decree, or some other judicially sanctioned change in the legal relationship of the parties. Buckhannon, 532 U.S. at 604-05; Palmetto Props., Inc. v. County of DuPage, 375 F.3d 542, 548 (7th Cir. 2004), cert. denied, 125 S. Ct. 965 (2005).

There is no question that Gerstein obtained a judgment in his favor on all of Plaintiffs' claims against him, so that he can be considered a "prevailing party" in this litigation. However, it is unusual for prevailing defendants to be awarded attorney's fees under § 1988. The Seventh Circuit has stated that "[a]lthough the statute specifies the award of such fees is within the court's discretion, it is clear that prevailing defendants have a much harder row to hoe than do prevailing plaintiffs." Roger Whitmore's Automotive Servs., Inc. v. Lake County, Ill., 424 F.3d 659, 675 (7th Cir. 2005). "It remains the rule that a prevailing party may recover attorneys' fees from a civil rights plaintiff only when the plaintiff's suit proves to be 'frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" King v. Ill. State Bd. of Elections, 410 F.3d 404, 423 (7th Cir. 2005), quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978); see also Roger Whitmore's, 424 F.3d at 675. In Christiansburg, the United States Supreme Court stated that the reason for this rule is that "[t]o take the further stop of assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of [civil rights laws.]" Christiansburg, 434 U.S. at 422; see also King, 410 F.3d at 423 n.18.

The Seventh Circuit has defined a suit as frivolous "if it has no reasonable basis, whether in fact or in law." Roger Whitmore's, 424 F.3d at 675, quoting Tarkowski v. County of Lake, 775 F.2d 173, 176 (7th Cir. 1985). Gerstein contends that this standard is met in this case. He argues that

Plaintiffs' central contention, that a conspiracy existed among the Defendants, had no basis in fact. Gerstein notes that, in its Opinion granting summary judgment in favor of Defendants, this court stated that, in asserting their conspiracy claim, Plaintiffs relied on "pure speculation" and "character assassination, primarily of Gerstein." Gerstein contends that, in the present situation, "Plaintiffs wasted over five years of the Defendants' time and the Court's time litigating a baseless claim."

In response, Plaintiffs argue that their lawsuit was not groundless, and Gerstein is therefore not entitled to attorney's fees. Plaintiffs note that the basis of the suit was the felony hate crime prosecution of Erik Redwood, a charge which was dismissed by the state court on First Amendment grounds. This dismissal was appealed and upheld by the Illinois Appellate Court. Plaintiffs argue that the fact that they were correct in their argument that the felony hate crime prosecution violated Erik Redwood's First Amendment rights lent credence to his claims of conspiracy against Defendants. Plaintiffs contend that the fact that they were not able to prove the conspiracy and avoid summary judgment does not mean that the case was frivolous, unreasonable or groundless. Plaintiffs also note that they did obtain a judgment against Defendant City of Urbana pursuant to Rule 68 of the Federal Rules of Civil Procedure, also indicating that the case was not groundless.

In Roger Whitmore's, the Seventh Circuit stated that, in that case, "it was ultimately revealed that Roger's evidence established that his case was weak at best–so weak, in fact, that no triable issues of fact could be discerned and the defendants were entitled to summary judgment in the entirety." Roger Whitmore's, 424 F.3d at 675-76. However, the Seventh Circuit concluded that the district court abused its discretion when it awarded attorney's fees to one of the defendants because "a weak case does not a frivolous case make." Roger Whitmore's, 424 F.3d at 676. The court stated, "[a]s our extensive discussion of Roger's claims on the merits indicates, Roger's theory of

the case was not so lacking in reasonableness that it should be deemed frivolous and thus eligible for fee-shifting under § 1988." Roger Whitmore's, 424 F.3d at 675.

    This court concludes that a similar conclusion is warranted in this case. Certainly, this court found that Plaintiffs did not present sufficient evidence to raise a genuine issue of material fact regarding their conspiracy claims, or any of their other claims. However, this court engaged in a lengthy discussion of the evidence and the applicable law before reaching that conclusion. This court additionally notes that the majority of Plaintiffs' claims survived several rounds of motions to dismiss. Following this court's careful consideration, this court concludes that Plaintiffs presented a "weak" case but not a "frivolous" case. Accordingly, this court concludes that Gerstein is not entitled to recover his attorney's fees and costs under 42 U.S.C. § 1988.[1] Because of this conclusion, it is not necessary for this court to consider Plaintiffs' alternative arguments that this court can consider Plaintiffs' financial condition when considering an award of attorney's fees and that the amount sought is excessive.

    IT IS THEREFORE ORDERED THAT Defendant Gerstein's Petition for Attorneys Fees and costs (#203) is DENIED.

ENTERED this 15th day of December, 2005

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE

---

[1] This court notes that Gerstein sought fees and costs solely based upon 42 U.S.C. § 1988 and did not seek costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure. This court additionally notes that Plaintiffs are correct that Gerstein did not comply with Local Rule 54.1 which requires that a request for costs include Form AO-133 as a summary.